## Case No. 8,518.

### In re LOTHROP.

[5 Law Rep. 456.]

District Court, D. Massachusetts. Dec., 1842.

BANKRUPTCY—APPLICATION FOR DISCHARGE — OBJECTIONS BY CREDITORS—RIGHT TO TRIAL BY JURY.

The only remedy of a bankrupt, where a majority in number and interest of his creditors file their written dissent to his discharge, is to demand a trial by jury.

This matter came up for a hearing upon the bankrupt's application for a discharge. A majority in number and value of the creditors who had proved their debts appeared to resist the application, and file their dissent in writing. A hearing was sought by the bankrupt [George W. Lothrop] before the judge alone, and a preliminary question arose as to his rights under the fourth section of the act [of 1841 (5 Stat. 443)], which provides "that if, in case of bankruptcy, a majority, in number and value, of the creditors who shall have proved their debts at the time of hearing of the petition," &c., "shall at such hearing file their written dissent to the allowance of a discharge and certificate to such bankrupt, or if, upon such hearing, a discharge shall not be granted to him, the bankrupt may demand a trial by jury upon a proper issue to be directed by the court at such time and place and in such manner as the court may order; or he may appeal from that decision," &c., "to the circuit court."

George Alexander Smith, for bankrupt, contended that he had a right to be heard in the first instance by the court, and, in case a discharge was refused, then to demand a jury, or appeal to the circuit court.

Charles Theodore Russell, for creditors.

SPRAGUE, District Judge, after remarking that the provision was not free from obscurity, decided, that where a majority in number and value of the creditors file their written dissent to the bankrupt's discharge, the only alternative left to him is to acquiesce in that dissent, or demand a trial by jury; in other words, that the only mode of trying the issue between the bankrupt and the opposing creditors is by jury, and that he is not entitled in this case to be heard by the court, and then, in case of a refusal to grant a discharge, demand a trial by jury, or appeal to the circuit court. This case was accordingly ordered to be heard by a jury.